SCANNED at WVCF and Emailed on
11/20/18 by SS - 19 pages.
(date) (initials) (num)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

Kerel L. Seabrooks,
Plaintiff,

vs.

Correctional officer, et. al,
Defendant,

Case No.: 2:18-cv-508-JMS-MJD
(TO BE SUPPLIED BY THE CLERK)

(Enter above the full name of the Defendant(s) in this action.)

"Individually and in their official capacities"

**FILED**
4:33 pm, Nov 20, 2018
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

## COMPLAINT

### I. PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A. Plaintiff:
   Name: Kerel L. Seabrooks
   Identification Number: #126812
   Address: Wabash Valley Corr. Fac.
   P.O. Box 1111 Carlisle, IN 47338

B. Defendant(s)
   Name: (First name unknown) Stone
   Title: Correctional officer
   Address: 1000 Van Nuys Rd.
   New Castle, IN 47362

   Name: D. Rader
   Title: Counselor
   Address: 1000 Van Nuys Rd.
   New Castle, IN 47362

Name **J. Russell**
Title **Case Manager**
Address **(Same)**

(Defendant list continued on following page)

(Identify additional plaintiffs and defendants on a separate sheet of paper using this same outline)

## II. STATEMENT OF JURISDICTION AND PREVIOUS LAWSUITS:

Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because **This action arises under and is brought pursuant to 42 U.S.C Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the First and Eighth Amendment of the U.S. Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331, 1343**

If the same facts alleged or claims made in this suit have been previously presented to any other state or federal court in an earlier suit, for each such earlier suit identify the parties, the Court in which it was filed, the docket number assigned to the suit, the status of such earlier suit, (for example: pending, dismissed, set for trial, on appeal, etc.). and the nature of the disposition if the earlier case is closed.

**Plaintiff has filed a Complaint in the Henry County Circuit Court regarding the facts presented herein. However, on August 30, 2018 that action was dismissed without prejudice [Ex. I]**

## IV. CAUSE OF ACTION

State which of your constitutional or federal rights, privileges or immunities have been violated and summarize in one or two sentences <u>what the defendant(s) did to violate your rights in that regard.</u> If you are claiming that more than one of your constitutional rights were violated, use a separate paragraph (ground) for each right, privilege or immunity which was violated. If you have more than three (3) grounds, identify them in a separate attached piece of paper.

Name   Prison Guard Kruth
Title   Lieutenant
Address   (same)


Name   Prison Guard Gard
Title   Captain
Address   (same)


Name   Health Care Rep. Miller
Title   Supervisor of Health Care
Address   (same)


Name   Prison Guard Lee
Title   Correctional Officer
Address   (same)


2(b)

NAME  NAME UNKNOWN (believed to be MAURO)
TITLE  Correctional Officer
Address  (dame)

2(c)

Ground 1: The physical assault and wanton infliction of pain by prison guard Stone and an additional guard whose name is unknown -- while the plaintiff was in full-body restraints -- violated the plaintiff's Eighth Amendment rights under the U.S Constitution to be free... (continued)

Ground 2: After reporting the incident identified in Ground 1, the plaintiff was subjected to a widespread campaign of Harassment by Defendants Krush, Lee, Foster and Rowan. These actions explained in the Statement of Facts were clearly motivated by Retaliation against the... (continued)

Ground 3: The Eighth Amendment of the U.S Constitution protects a prisoner's right to medical care. However, Defendants Gard and Miller excercised deliberate indifference to that right when, despite the plaintiff alerting... (continued)

(Identify additional grounds on a separate sheet of paper)

## V. STATEMENT OF FACTS

State here the FACTS of your case. You should outline both the facts on which your suit is based and the particular role of each defendant in those circumstances.

On March 16, 2016, for reasons still unclear to the plaintiff, he was escorted to the mental health section of New Castle Corr. Facility by Sargeant Hughes, Defendant Stone and another unknown prison

3 (3)

Grounds (Continued)

(Ground 1): ... from cruel and unusual punishment.

(Ground 2): ... plaintiff, in violation of the First Amendment of the U.S. Constitution.

(Ground 3): ... Them to hid vent for medical care, as a result of the incident identified in Ground 1, He was denied.

3(b)

guard, while the plaintiff prays this Court would order the Defendants to identify for purposes of adding him as an additional defendant. Prior to this walk, which the plaintiff estimates exceeds a 1/2 mile, the aforementioned prison staff made the plaintiff surrender his shoes - despite it being winter time - and make the trek in his socks, for reasons that are still unclear to the plaintiff. Upon arrival at a 'Suicide-Watch Cell' in the mental health section of the prison, the plaintiff was ordered to face the wall, which he complied with. Defendant Stone and the unknown officer then began removing a spit-mask that was placed on the plaintiff, also for reasons unknown, before removing his glasses. Either Defendant Stone or the unknown officer then asked the plaintiff was his wedding ring removable. Remaining in a position of compliance, the plaintiff inquired about the reason for the question. Then, without warning or additional command,

4.

both Defendant Stone and the unidentified officer slammed the plaintiff's face into the ground with such force it blackened his eye and caused deep wounds in his ankle from the leg shackles he was adorned in. When on the ground defenseless, Defendant Stone then, attempted to insert his finger in the plaintiff's rectum. Seconds later, the two prison guards yanked the plaintiff off of the ground and pushed him back against the wall he had previously been facing, before they attempted to forcefully tear the prison jumpsuit from the plaintiff's body -- an impossible feat considering that the plaintiff was in full body restraints. This whole altercation was captured by a hand-held video recorder that was being operated by Sargeant Hughes, as well as the in-cell surveillance camera in the 'suicide-watch cell'.

After alerting a mental health professional, who's office was in the vicinity of the incident, to visible injuries the plaintiff was informed that the information would be forwarded to health care services. However, the plaintiff was never seen in regards to his injuries. Then, the plaint-

5

iff alerted Defendant Gard to his injuries when the cuffs on his ankle began to show signs of infection, yet I still recieved no medical attention. Afraid of what I may have contracted from the manacles, I would later submit a request to Health Care Services, which Defendant Miller headed, requesting lab tests. However, I was never seen in regards to this request. I would then recieve the refusal of medical services, yet would still recieve no medical attention. The plaintiff would then submit a subsequent request to Health Services inquiring why he wasn't even called for his annual health screening, which is mandatory per policy. Additionally, per policy, any PREA complaint filed by a prisoner requires a mandatory examination from Health Services. However, the plaintiff was not seen by Health Services at all in response to the above.

After reporting the assault by prison guards, the plaintiff was threatened by Defendant Rader to rescind my complaint, and when I refused I was subjected to

a wide-range campaign of Harassment by New Castle Corr. Facility staff that included, but are not limited to: a.) Rocks placed in my food; b.) Denial of video visits by Defendant Rodek; c.) Labled a snitch to other prisoners by Defendants Rodek, Kevitt, Randall and Lee; d.) Arbitrary confiscation of property by Defendant Kevitt; e.) Malicious misconducts issued; f.) verbal threats; and g.) Purposefully placing the plaintiff in Hostile Housing assignments by Defendants Rodek and Randall.

7.

## VI. RELIEF

State exactly what relief or action you are requesting through this lawsuit.

Plaintiff requests: 1.) An order declaring that the defendants have acted in violation of the United States Constitution; 2.) Compensatory damages in the amount of $200,000.00 from Defendant Stone and the unidentified officer, jointly and severally; 3.) Punitive damages in the amount of $100,000.00, (continued on next page)

### AFFIRMATION OF PLAINTIFF

I, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this __16th__ day of __November__, 2018.

_____
Plaintiff

8 (a)

against each defendant; 4.) A jury trial on all issues triable by jury; 5.) Plaintiff's costs in this suit; and 6.) Any additional relief this Court deems just.

8(b)