UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| KEREL L. SEABROOKS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:18-cv-00508-JMS-MJD |
|  | ) |  |
| J. RANDALL, *et al.* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**Order Denying Motion for Reconsideration**

Plaintiff Kerel L. Seabrooks has filed a motion to reconsider the Court's December 14, 2018, Order Screening Complaint in part, dkt. 8. Specifically, Mr. Seabrooks argues that the Court improperly dismissed his excessive force claims against Correctional Officer Stone and the unknown guard based on statute of limitations. Mr. Seabrooks argues the statute of limitations were tolled while he first exhausted his administrative remedies, citing *Gonzales v. Hasty*, 651 F.3d 318 (2nd Cir. 2011), and when he later litigated these events in state court. Dkt. 10.

Motions to reconsider orders other than final judgments are governed by Rule 54(b). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion

to reconsider under Rule 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11-CV-026, 2011 U.S. Dist. LEXIS 50891, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07-C-317, 2009 U.S. Dist. LEXIS 45614, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

In dismissing Mr. Seabrooks' excessive force claims, the Court held:

> The facts plead by Mr. Seabrooks call into question the timeliness of his excessive force claims against Correctional Officer Stone and the unknown guard for the incident on March 16, 2016. This action was filed November 20, 2018, more than two years and eight[] months after the alleged assault on Mr. Seabrooks. It is not timely, as plead, under Indiana's statute of limitations for personal injury actions.
>
> "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). This is what Mr. Seabrooks has done here. Because the statute of limitations for § 1983 actions in Indiana bars Mr. Seabrooks' excessive force claims, the claims against Correctional Officer Stone and the unknown guard are dismissed as barred by the statute of limitations.

Dkt. 8 at 4.

The plaintiff's complaint was brought pursuant to 42 U.S.C. § 1983. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. When

2

federal courts borrow a state's statutes of limitations in §1983 actions, they must also borrow the state's tolling provisions. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).

Mr. Seabrooks argues the statute of limitations were tolled while he exhausted his administrative remedies, citing *Gonzales*, 651 F.3d at 323, which noted that "the Ninth, Fifth, Seventh, and Sixth Circuits have all adopted the rule that equitable tolling is applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the PLRA." *Id. Gonzales*' reference to the Seventh Circuit's adoption of such a rule referred to *Rivera*. In *Rivera*, which was filed by an Illinois prisoner, the district court dismissed the complaint based on the two-year Illinois statute of limitations. The Seventh Circuit concluded that under the Illinois tolling statute, the statute of limitations was tolled while a prisoner completed the administrative grievance process pursuant to 42 U.S.C. § 1997e(a). However, this specific holding is based on Illinois law and is not applicable to this case, which must apply Indiana law. Indiana does not allow for tolling the limitations period while a prisoner exhausts his administrative remedies. In *Coghill v. Badger*, 418 N.E.2d 1201, 1207 (Ind. App. 1981), the court refused to toll the statute of limitations for anything other than incompetence or a showing of physical and mental incapacitation. Indiana law provides that the statute of limitations is tolled for non-resident defendants under certain circumstances, where the defendant has concealed the facts from the plaintiff, or if the person was under a legal disability at the time the cause of action accrued. *See* Ind. Code § 34–11–4–1; Ind. Code § 34-11-4-3; Ind. Code § 34–11–5–1; Ind. Code § 34–11–6–1. At one time, imprisonment constituted a legal disability under Indiana law. *Walker v. Memering*, 471 N.E.2d 1202, 1204 (Ind. App. 1984). However, that provision has been repealed and the relevant Indiana statute now only includes "'under legal disabilities' persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind. Code § 1-1-4-

5(24). Accordingly, under Indiana law, the statute of limitations was not tolled while the plaintiff exhausted his administrative remedies. And because the Court must use Indiana's tolling provisions – and not Illinois' tolling provisions cited in *Rivera*, the statute of limitations were not tolled while Mr. Seabrooks exhausted his administrative remedies.

Mr. Seabrooks also argues that the statute of limitations was tolled while he litigated the same facts in state court, but Mr. Seabrooks cites no authority in support of this argument nor is the Court aware of any such authority. Rather, Mr. Seabrooks timely filed his state court complaint regarding the relevant events, and therefore could have timely filed his federal claims in his state court action or timely filed a federal court complaint at the same time. Nor has Mr. Seabrooks explained why he could not have filed his federal court case before March 2018, or why he waited more than two months after the dismissal of his state court case on September 5, 2018, to file his complaint in this action on November 20, 2018. The Seventh Circuit has held that "a litigant who learns, or had he been diligent would have learned, all the facts that he would need in order to be able to file his claim, while time remains in the limitations period, must file it *before* the period ends." *Yuan Gao v. Mukasey*, 519 F.3d 376, 378 (7th Cir. 2008) (internal citations omitted); *see also Brademas v. Ind. Hous. Fin. Auth.*, 354 F.3d 681, 687 (7th Cir. 2004) ("When 'the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so.'").

Accordingly, Mr. Seabrooks' motion for reconsideration, dkt. [10], is **denied.**

**IT IS SO ORDERED.**

Date: 1/9/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

KEREL L. SEABROOKS
126812
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838