UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEREL L. SEABROOKS, <br>     Plaintiff, <br><br> vs. <br><br> J. RANDALL Case Manager, et al., <br>     Defendants. | ) <br> ) <br> )    CASE NO. 2:18-cv-00508-JMS-MJD <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, J. Randall, D. Rader, Kruhl, and Lee, (hereinafter "Defendants"), by counsel, Aubrey J. Crist, file this Memorandum in support of their Motion for Summary Judgment.

### ISSUE

Whether the Defendants violated the First Amendment right of the Plaintiff, Kerel Seabrooks ("Mr. Seabrooks"), by allegedly retaliating against Mr. Seabrooks for filing for relief under the Prison Rape Elimination Act ("PREA") against a fellow correctional officer.

### INTRODUCTION AND BACKGROUND

Plaintiff filed his Complaint in the United States District Court for the Southern District of Indiana in November of 2018. *See Complaint (Dkt. 1)*, **Exhibit A**. The Plaintiff's Complaint, as summarized by this Court, essentially alleges that: (1) Counselor Rader, Lieutenant Kruhl, Case Manager Randall, and Officer Lee retaliated against Plaintiff for filing a complaint under the Prison Rape Elimination Act ("PREA") *See Entry Screening Complaint (Dkt. 8)*, **Exhibit B**.

In response to the Complaint, Defendants filed their Answer and Statement of Affirmative Defenses. *See Answer (Dkt. 14)*, **Exhibit C**. The Defendants now move for summary judgment on all claims due to Plaintiff's clear failure to exhaust his administrative remedies before filing suit herein.

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Plaintiff, Kerel Seabrooks, is an offender currently incarcerated in the Wabash Valley Correctional Facility and was incarcerated at the New Castle Correctional Facility ("NCCF") at all times relevant to the allegations of his Complaint. *Exhibit A & B.* At all times relevant to this action, Defendant J. Randall was a case manager at the New Castle Correctional Facility at 1000 Van Nuys Road, P.O. Box A, New Castle, IN 47362. *Id.* At all times relevant to this action, Defendant Rader was a counselor at the New Castle Correctional Facility at 1000 Van Nuys Road, P.O. Box A, New Castle, IN 47362. *Id.* At all times relevant to this action, Defendant Kruhl was a lieutenant correctional officer at the New Castle Correctional Facility at 1000 Van Nuys Road, P.O. Box A, New Castle, IN 47362. *Id.* At all times relevant to this action, Defendant Lee was a correctional officer at the New Castle Correctional Facility at 1000 Van Nuys Road, P.O. Box A, New Castle, IN 47362. *Id.*

Hannah Winningham serves as the Grievance Specialist at the NCCF. *See Affidavit of Hannah Winningham,* **Exhibit D,** *¶ 3.* Ms. Winningham is familiar with the IDOC's Policy and Procedure concerning the Offender Grievance Process ("OGP"), the Offender Grievance Review and Evaluation System ("OGRE"), the Plaintiff's prison records, and the Defendants' employment records. *Id.* Ms. Winningham has reviewed that allegations in the Plaintiff's Complaint. *Exhibit D, ¶ 4.* Ms. Winningham has reviewed the records for all of the grievances that Plaintiff filed while housed at the NCCF. *Exhibit D, ¶ 7-8.* Those records reflect that the Plaintiff has not filed any grievances related to the matters raised in his Complaint against these Defendants; instead, any such grievance for a Complaint relevant time period related to the underlying PREA claim. *Id.*

On March 16, 2016, Plaintiff was transferred to the suicide watch cell in the mental health section of the NCCF. *Exhibit A & B*. Plaintiff submitted a Prison Rape Elimination Act ("PREA") complaint in connection with the March 16, 2016 incident. *Id.*

On April 3, 2016, Plaintiff filed an Offender Grievance against Officer Stone for a PREA issue. *See Offender Grievance #91276,* **Exhibit E**. On April 11, 2016, Executive Assistant J. Smith issued an Offender Grievance Response Report stating, in part, that "this issue is pending investigation and this information will be added to the file…this grievance is being remanded to Internal Affairs as it is already under investigation." *See Offender Grievance Response Report,* **Exhibit F**. On April 8, 2016, Plaintiff filed an Offender Grievance Appeal to J. Smith's response report. *See Offender Grievance Appeal,* **Exhibit G**.

On June 8, 2016, Plaintiff received a letter from the Regional Director of the Indiana Department of Corrections regarding the underlying PREA complaint. *See June 8, 2016 Letter,* **Exhibit H**. The facility PREA Compliance Manager Assistant met with Plaintiff on a weekly basis since the allegation, a total of eleven (11) times. *Id.* Plaintiff failed to demonstrate a potential connection between the alleged retaliation and the staff involved in the allegation itself throughout those meetings. *Id.*

## ARGUMENT

### I. Standard of Review

The party seeking summary judgment must demonstrate that no genuine issue of material facts exists, and that the movant is entitled to judgment as a matter of law. FED.R.CIV. P. 56 (c); *Certain Underwriters of Lloyd's v. General Accident Insurance Company of America*, 909 F.2d 228 (7th Cir. 1990). "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed

to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica*, LLC, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). The substantive law underlying the claim defines which facts are material, and the Court should only refrain from granting the motion when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

To defeat a motion for summary judgment, the opposing party must establish that sufficient evidence exists for a jury to return a verdict for him. *Harbor House Condominium Association v. Massachusetts Bay Insurance Company*, 915 F.2d 31 (7th Cir. 1990); *Hines v. British Steel Corporation*, 907 F.2d 726 (7th Cir. 1990). The opposing party cannot rest on mere allegations in the pleadings, but must designate disputed facts that are material, or outcome- determinative, under applicable law. *Hughes v. Joliet Correctional Center*, 931 F.2d 425 (7th Cir. 1991); *Johnson v. Pelker*, 891 F.2d 136 (7th Cir. 1989).

## II. *Plaintiff's claims must be dismissed for failure to file within the statute of limitations.*

Plaintiff's complaint is brought pursuant to 42 U.S.C. 1983. To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person action under color of state law. *West v Atkins*, 487 U.S. 42, 48 (1988). Suits under Section 1983 use the statute of limitations and tolling rules that states employ for personal injury claims. In Indiana, the applicable statute of limitations period is two (2) years. *See Richards v Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code 34-11-2-4.

The underlying incident that led to the PREA complaint took place on March 16, 2016. *Exhibit A & B*. Pursuant to the June 8, 2016 letter from the Regional Director of the Indiana Department of Corrections, Plaintiff was given eleven (11) opportunities to bring his concerns

regarding the underlying PREA complaint and the retaliatory claim. *Id*. There are no records of any complaints or formal/informal grievances that claim any alleged retaliatory actions took place after June 8, 2016. *Exhibit D.* The facts as plead by Plaintiff along with the supporting documents and affidavit provided by the Defendants call into question the timeliness of his retaliatory actions claims against the Defendants.

"A dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006); *see also Koch v Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013)(stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under 1915A is appropriate); *Brownmark Films, LLC v Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Given that the Plaintiff's Complaint is not sufficient on its face to support a 12(b)(6) motion, Defendants produce documentation supporting the failure to meet the Indiana Statute of Limitations regarding personal injury claims in support of their Motion for Summary Judgment.

As stated previously, Indiana's personal injury statute's applicable statute of limitations is two (2) years. Plaintiff had two (2) years to file his complaint against the Defendants based on the last date of their alleged retaliatory actions. As is evident in the supplemental letter and affidavit, the last known reference to the alleged retaliatory actions was June 8, 2016. Plaintiff filed his complaint in November of 2018, approximately five (5) months after the statute of limitations ran on his claims. Prisoners must follow all procedural rules and deadlines. *Woodford v NGO*, 548 U.S. at 90 (2006).

### *III. Plaintiff's claims must be dismissed because the Plaintiff failed to make any complaints, formally or informally, against the Defendants' alleged retaliatory actions, failing to meet his burden of proof on a retaliation claim under the First Amendment.*

The purpose of the grievance process is to provide notice to those persons in a position to remedy a potential problem. If notice is not provided, there is nothing that can be done to correct a possible problem. In the instant matter, the Plaintiff has failed to comply with the requirements of the IDOC's administrative grievance procedures as set forth in the OGP. Those procedures required him to file a grievance and exhaust the grievance process, including appealing an unsatisfactory decision before filing a lawsuit. The Plaintiff herein did not start this process, let alone complete this process, with respect to his claims against any of the four named Defendants in this matter; instead, he briefly referenced the Defendants' actions and his belief that he was being retaliated against in his Complaint. *Exhibit A*.

"Individual liability under Section 1983…requires personal involvement in the alleged constitutional deprivation." *Colbert v City of* Chicago, 851 F.3d 649, 657 (7th Cir. 2017) (citing *Wolf-Lillie v* Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation…A causal connection, or an affirmative link, between the misconduct complained of an the official sued is necessary"). To prevail on a First Amendment retaliation claim, Plaintiff must ultimately show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Here, the Plaintiff did engage in an activity protected by the First Amendment through his filing of a PREA complaint regarding the alleged sexual assault; however, Plaintiff has failed

to show the connection of a "motivating factor" in the Defendants' alleged decision to take the alleged retaliatory actions. As noted by Ms. Winningham based on her review of the Plaintiff's prison records, the Plaintiff filed zero (0) informal grievances and zero (0) formal grievances related to any of the named Defendants since the date of the alleged incident in the underlying PREA complaint; instead, he only filed grievances related to the incident in the underlying PREA complaint. *Exhibit D.*

As such, the record before this Court clearly, and without dispute, establishes that the Plaintiff simply did not follow or comply with the Indiana Statute of Limitations and has failed to meet his burden of proof that a motivating factor existed in regards to the Defendants alleged retaliatory actions. As a result of these failures, the Defendants are entitled to summary judgment as a matter of law.  Therefore, Plaintiff's claims against Defendant J. Randall, D. Rader, Kruhl, and Lee must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.


Respectfully submitted,


By:   /s/ Aubrey J. Crist
            Aubrey J. Crist, Atty. No. 35510-18
            BBKCC ATTORNEYS
            27 North 8th Street
            Richmond, IN   47374
            Telephone: (765) 962-7527
            Facsimile: (765) 966-4597
            acrist@bbkcc.com
            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Further, I hereby certify that I have provided a copy of the foregoing to the following non-CM/ECF participant via United States Mail, first-class, postage prepaid, on this 6th day of December, 2019:

>   Kerel Seabrooks, DOC#126812
>   Wabash Valley – CF
>   Wabash Valley Correctional Facility – Inmate Mail/Parcels
>   6908 S. Old US Hwy 41
>   P.O. Box 1111
>   Carlisle, IN  47838

                                          By _____/s/ Aubrey J. Crist_____
                                                    Aubrey J. Crist